UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA            :

                                   :

         -v-                     :        21-CR-300 (JMF)

                                   :

CESAR ABREU,                       :        <u>ORDER</u>

                                   :

               Defendant.        :

                                   :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Attached to this Order is a copy of the jury charge.

       SO ORDERED.

Dated:  May 19, 2022
       New York, New York                    _____
                                            JESSE M. FURMAN
                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                           :

UNITED STATES OF AMERICA,           :

                                           :         S1 21 Cr. 300 (JMF)

    -v-                                   :

                                         :

CESAR ABREU,                         :

                                         :

                           Defendant.      :

                                         :

-------------------------------------------------------------------X

**JURY CHARGE**

May 19, 2022

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ................................................................. 1

    Role of the Court and the Jury.......................................................................... 2

    The Parties ...................................................................................................... 2

    Persons Not on Trial........................................................................................ 2

    Conduct of Counsel ........................................................................................ 3

    Presumption of Innocence and Burden of Proof ............................................ 3

    Proof Beyond a Reasonable Doubt.................................................................. 4

    Direct and Circumstantial Evidence ............................................................... 4

    What Is and What Is Not Evidence ................................................................. 6

    Credibility of Witnesses ................................................................................. 7

    Law Enforcement and Government Witnesses ............................................... 8

    Expert Witnesses ............................................................................................ 8

    Preparation of Witnesses ................................................................................ 9

    Uncalled Witnesses......................................................................................... 9

    Number of Witnesses and Uncontradicted Testimony ................................... 10

    Stipulations .................................................................................................... 11

    Charts and Summaries .................................................................................... 11

    Searches and Seizures..................................................................................... 11

    Transcripts ...................................................................................................... 12

    Particular Investigative Techniques................................................................ 12

    Limited Purpose Evidence .............................................................................. 13

    Evidence of Earlier Conduct........................................................................... 13

    The Defendant's Testimony ............................................................................ 13

II. SUBSTANTIVE CHARGES.............................................................................. 14

    The Indictment................................................................................................ 14

    Counts One and Two: Elements ..................................................................... 15

        Counts One and Two — First Element: Distribution or Possession with Intent to Distribute........................................................................................15

        Counts One and Two — Second Element: Unlawfully, Intentionally, and Knowingly........17

        Counts One and Two — Third Element: Controlled Substance...........................................18

Special Interrogatory on Drug Quantity for Counts One and Two ........................................... 18

Count Three: Elements .................................................................................................................. 19

    Count Three — First Element: Using or Maintaining a Place ..................................................20

    Count Three — Second Element: Purpose ..............................................................................21

    Count Three — Third Element: Knowingly ...........................................................................21

Aiding and Abetting ...................................................................................................................... 21

Venue.............................................................................................................................................. 23

Variance in Dates........................................................................................................................... 23

III. CONCLUDING INSTRUCTIONS ........................................................................................... 24

COVID-19 Protocols ..................................................................................................................... 24

Selection of the Foreperson ........................................................................................................... 24

Right to See Exhibits and Hear Testimony ................................................................................... 25

Juror Note-Taking ......................................................................................................................... 25

Bias or Sympathy as Juror ............................................................................................................ 26

Duty to Deliberate ......................................................................................................................... 27

Return of the Verdict ..................................................................................................................... 28

Closing Comments ........................................................................................................................ 28

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case and the lawyers' closing arguments.  It is my duty at this point to instruct you as to the law.  My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

Because my instructions cover many points, I have given you a copy of my instructions to follow along.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.  Either way, you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law; rather, you should consider my instructions as a whole when you retire to deliberate in the jury room.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

1

2 <u>Conduct of Counsel</u>

3       The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

4 of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

5 disapproved of their behavior, those opinions should not enter into your deliberations.

6       In addition, remember that it is the duty of a lawyer to object when the other side offers

7 testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

8 draw no inference from the fact that there was an objection to any evidence.  Nor should you draw any

9 inference from the fact that I sustained or overruled an objection.  Simply because I have permitted

10 certain evidence to be introduced does not mean that I have decided on its importance or significance.

11 That is for you to decide.

12

13 <u>Presumption of Innocence and Burden of Proof</u>

14       The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

15 guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

16 shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

17 case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

18       Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

19 presumption of innocence was in his favor when the trial began, continued in his favor throughout the

20 entire trial, remains with him even as I speak to you now, and persists in his favor during the course of

21 your deliberations in the jury room, unless and until the Government proves beyond a reasonable doubt

22 that he committed one of the charged crimes.

23

1  Proof Beyond a Reasonable Doubt

2      The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

3  doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

4  a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

5  arising out of the evidence in the case — or the lack of evidence.

6      Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

7  practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

8  by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

9  establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

10      If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

11  that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

12  defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

13  person to hesitate in acting in matters of importance in his or her own affairs — then you have a

14  reasonable doubt, and in that circumstance it is your duty to acquit.

15      On the other hand, if, after a fair and impartial consideration of all the evidence, you can

16  candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

17  prudent person would be willing to act upon in important matters in the personal affairs of his or her

18  own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

19

20  Direct and Circumstantial Evidence

21      There are two types of evidence that you may properly use in deciding whether the defendant is

22  guilty or not guilty of the crimes with which he is charged.

1    One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

2    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

3    observed through the five senses.  The second type of evidence is circumstantial evidence.

4    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

5    There is a simple example of circumstantial evidence that is often used in this courthouse.

6    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

7    outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

8    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

9    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

10   Now, because you could not look outside the courtroom and you could not see whether it was

11   raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

12   asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

13   That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

14   and common sense from one established fact the existence or the nonexistence of some other fact.

15   The matter of drawing inferences from facts in evidence is not a matter of guesswork or

16   speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

17   facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

18   Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

19   Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

20   Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

21   between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

22   you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

23   the case.

1

2   <u>What Is and What Is Not Evidence</u>

3       What, then, is the evidence in the case?

4       The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

5   into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.  For example,

6   the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the

7   questions.  In addition, exhibits marked for identification but not admitted by me are not evidence, nor

8   are materials brought forth only to refresh a witness's recollection.  Moreover, testimony that has been

9   stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

10      Along these lines, we have, among the exhibits received in evidence, some documents that are

11  redacted.  "Redacted" means that part of the document was taken or blacked out.  You are to concern

12  yourself only with the part of the document that has been admitted into evidence.  You should not

13  consider any possible reason why the other part of it has been deleted or blacked out.

14      Arguments by the advocates are also not evidence.  What you heard during the opening

15  statements and summations is merely intended to help you understand the evidence and reach your

16  verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

17  recollection.  If a lawyer made a statement during his opening or summation and you find that there is no

18  evidence to support the statement, you should disregard the statement.

19      Finally, any statements that I may have made during the trial or during these instructions do not

20  constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

21  to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

22  questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

23  evidence and to bring out something that I thought might be unclear.  You should draw no inference or

1    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

2    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

3    these instructions are no indication of my views of what your decision should be.  Nor should you infer

4    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

5    you should decide any issue that is before you.  That is entirely your role.

6

7    Credibility of Witnesses

8        How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

9    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

10   same tests here that you use in your everyday life when evaluating statements made by others to you.

11   You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

12   was the witness to the questions asked on direct examination and on cross-examination?

13       If you find that a witness intentionally told a falsehood, that is always a matter of importance you

14   should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

15   untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

16   determine whether such inconsistencies are significant or inconsequential, and whether to accept or

17   reject all of the testimony of any witness, or to accept or reject only portions.

18       You are not required to accept testimony even though the testimony is uncontradicted and the

19   witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

20   or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

21   conclude that the testimony is not worthy of belief.

22       In evaluating the credibility of the witnesses, you should take into account any evidence that a

23   witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

7

1  a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

2  interests.  Therefore, if you find that any witness whose testimony you are considering may have an

3  interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

4  of his or her testimony and decide whether to accept it with great care.

5        Keep in mind, though, that it does not automatically follow that testimony given by an interested

6  witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

7  the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

8  common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

9

10  <u>Law Enforcement and Government Witnesses</u>

11        You have heard testimony from law enforcement or other government witnesses.  The fact that a

12  witness may be employed as a law enforcement official or government employee does not mean that his

13  or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

14  that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

15  testimony of any law enforcement witness or government witnesses, as it is with every other type of

16  witness, and to give to that testimony the weight you find it deserves.

17

18  <u>Expert Witnesses</u>

19        You have heard testimony from an expert witness. As I previously explained, an expert witness

20  is someone who, by education or experience, has acquired learning or experience in a specialized area of

21  knowledge.  Such a witness is permitted to express his opinions on matters about which he or she has

22  specialized knowledge and training.  The parties may present expert testimony to you on the theory that

23  someone who is experienced in the field can assist you in understanding the evidence or in reaching an

1    independent decision on the facts.

2        Your role in judging credibility applies to the expert as well as other witnesses.  In weighing the

3    expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

4    well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

5    If you find the opinion of the expert is based on sufficient data, education, and experience, and the other

6    evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance

7    on his testimony.  However, you should not accept witness testimony simply because the witness is an

8    expert.  The determination of the facts in this case rests solely with you.

9

10    Preparation of Witnesses

11        You have heard some evidence during the trial that witnesses discussed the facts of the case and

12    their testimony with the lawyers before the witnesses appeared in court.  Although you may consider

13    these facts when you are evaluating a witness's credibility, it is common for a witness to meet with

14    lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned

15    about, focus on the subjects, and have the opportunity to review relevant exhibits before being

16    questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such

17    consultation.  As always, the weight you give to the fact or the nature of these issues and what

18    inferences you draw from them are matters completely within your discretion.

19

20    Uncalled Witnesses

21        There are people whose names you have heard during the course of the trial but who did not

22    appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

23    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

1   to what they would have testified to had they been called.  Their absence should not affect your

2   judgment in any way.

3        You should, however, remember my instruction that the law does not impose on a defendant in a

4   criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

5   remains at all times with the Government.

6

7   <u>Number of Witnesses and Uncontradicted Testimony</u>

8        The fact that one party called more witnesses or introduced more evidence does not mean that

9   you should necessarily find the facts in favor of the side offering the most witnesses and the most

10   evidence.  By the same token, you do not have to accept the testimony of any witness who has not been

11   contradicted or impeached, if you find the witness to be not credible.  You must decide which witnesses

12   to believe and determine which facts are true.  To do this, you must look at all the evidence or lack of

13   evidence, drawing upon your own common sense and personal experience.  After examining all the

14   evidence, you may decide that the party calling the most witnesses has not persuaded you because you

15   do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

16        Again, you should also keep in mind that the burden of proof is always on the Government.  The

17   defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

18   innocent.  On the other hand, the Government is not required to prove each element of the offense by

19   any particular number of witnesses.  The testimony of a single witness may be enough to convince you

20   beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

21   the witness has truthfully and accurately related what he or she has told you.  The testimony of a single

22   witness may also be enough to convince you that reasonable doubt exists, in which case you must find

23   the defendant not guilty.

1

2    <u>Stipulations</u>

3         Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

4    between parties as to what certain facts were or what the testimony would be if certain people testified

5    before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

6    should consider the weight to be given such evidence just as you would any other evidence.

7

8    <u>Charts and Summaries</u>

9         The Government has presented exhibits in the form of charts and summaries.  I admitted these

10    charts and summaries in place of, or in addition to, the underlying documents that they represent in order

11    to save time and avoid unnecessary inconvenience.  They are no better than the testimony or the

12    documents upon which they are based.  Therefore, you are to give no greater consideration to these

13    charts or summaries than you would give to the evidence upon which they are based.  It is for you to

14    decide whether they correctly present the information contained in the testimony and in the exhibits on

15    which they were based.

16

17    <u>Searches and Seizures</u>

18         You have heard testimony about evidence that was seized and about various searches, including

19    searches of electronic devices.  Evidence obtained from those searches was properly admitted in this

20    case and may be properly considered by you.  Indeed, such searches are entirely appropriate law

21    enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not

22    enter into your deliberations because I instruct you that the Government's use of the evidence is lawful.

23    You must, therefore, regardless of your personal opinions, give this evidence full consideration along

1    with all the other evidence in the case in determining whether the Government has proved the

2    defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight,

3    if any, to give to this evidence.

4

5    Transcripts

6         Transcripts that include translations of Spanish-language exhibits into English have been

7    admitted into evidence and you may consider those transcripts during your deliberations.  I remind you

8    that even if you understand Spanish, you should not rely in any way on your knowledge of the Spanish

9    language; it is the English-language translation, not the Spanish language exhibit, that you should

10   consider.  Remember that the jury is the ultimate fact finder and, as with all the evidence, you may give

11   the transcripts such weight, if any, as you believe they deserve.

12

13   Particular Investigative Techniques

14        You have heard reference to certain investigative techniques that were used or not used by the

15   Government in this case.  There is no legal requirement that the Government prove its case through any

16   particular means.  While you are to carefully consider the evidence adduced by the Government, you are

17   not to speculate as to why the Government used the techniques it did, or why it did not use other

18   techniques.

19        In that vein, there has been evidence introduced at trial that the Government used a confidential

20   source or informant in this case.  There is nothing inherently improper in the Government's use of

21   informants.  You, therefore, should not concern yourselves with how you personally feel about the use

22   of informants, because that is not relevant to your determination.

23

1    Limited Purpose Evidence

2         If certain testimony or evidence was received for a limited purpose, you must follow the limiting

3    instructions I have given.

4

5    Evidence of Earlier Conduct

6         As you will recall, the Government offered evidence regarding evidence obtained during a search

7    conducted in 2009 and the defendant's related conviction in 2011.  You are reminded that the defendant

8    is not on trial for that conduct, which is not alleged in the Indictment.

9         I remind you also that you may consider this evidence only on the limited issue of the

10   defendant's intent and knowledge at the time of the offenses charged in *this* case, including the

11   defendant's understanding of things at the time of the charged conduct.  You are not to consider this

12   evidence as propensity evidence — in other words, as evidence that the defendant had a propensity to

13   commit crimes.  Nor may you consider it as evidence of bad character.  Nor may you consider it as

14   direct evidence that he committed the crimes that he is charged with in this case.  You may consider it

15   only for the limited purposes I just described.

16

17   The Defendant's Testimony

18        The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

19   no obligation to testify or to present any other evidence because, as I have told you, it is the

20   Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

21   the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

22   required to prove that he is innocent.

13

1    You may not attach any significance to the fact that the defendant did not testify.  No adverse

2    inference against the defendant may be drawn by you because the defendant did not take the witness

3    stand.  You may not consider this in any way in your deliberations in the jury room.

4

5

6                              II. SUBSTANTIVE CHARGES

7    That concludes my introductory instructions.  Let me now turn to the charges.

8    <u>The Indictment</u>

9    The defendant is formally charged in an Indictment.  As I instructed you at the outset of this trial,

10   the Indictment is not evidence.  It is simply an accusation, a statement of the charges made against the

11   defendant.  It gives the defendant notice of the charges against him, and it informs the court and the

12   public of the nature of the accusation.  But it is not evidence, and it does not prove or even indicate guilt.

13   It does not create any presumption or permit any inference that the defendant is guilty.  As a result, you

14   are to give it no weight in deciding the defendant's guilt or lack of guilt.  What matters is the evidence

15   you heard at this trial.  Indeed, as I have previously noted, the defendant is presumed innocent and has

16   entered a plea of not guilty.  It is the prosecution's burden to prove the defendant's guilt beyond a

17   reasonable doubt.

18   The Indictment contains three charges, or "counts," against Cesar Abreu.  Each count accuses the

19   defendant of committing a different crime.  You must, as a matter of law, consider each count, and you

20   must return a separate verdict for each count in which the defendant is charged.

21   Counts One and Two charge that, on or about April 7, 2021, Mr. Abreu distributed or possessed

22   with the intent to distribute controlled substances — in the case of Count One, five kilograms or more of

23   cocaine; and in the case of Count Two, 400 grams or more of fentanyl — in violation of Title 21, United

14

1    States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).  Count Three charges that, from at least on or

2    about April 1, 2021, until April 7, 2021, Mr. Abreu used or maintained an apartment — namely, 1365

3    Saint Nicholas Avenue, Apartment 31N, in Manhattan — for the purpose of distributing cocaine in

4    violation of Title 21, United States Code, Section 856(a)(1).

5         Because the law that pertains to Counts One and Two is the same, I will instruct you on both of

6    those counts at the same time.  I remind you, however, that you must consider each count separately and

7    return a separate verdict on each count.

8

9    <u>Counts One and Two: Elements</u>

10        In order to find the defendant guilty of distributing or possessing with the intent to distribute a

11   controlled substance — the charge in both Count One and Count Two — the Government must prove

12   the following three elements beyond a reasonable doubt:

13        *First*, that on or about April 7, 2021, the defendant distributed a controlled substance or

14   possessed with intent to distribute a controlled substance — in the case of Count One, cocaine and, in

15   the case of Count Two, fentanyl;

16        *Second*, that the defendant did so unlawfully, intentionally, and knowingly; and

17        *Third*, that the substance involved in the count you are considering was in fact a controlled

18   substance.

19

20        <u>Counts One and Two — First Element: Distribution or Possession with Intent to Distribute</u>

21        The first element that the Government must prove beyond a reasonable doubt for you to find the

22   defendant guilty of either Count One or Count Two is that, on or about April 7, 2021, he distributed a

23   controlled substance or possessed with intent to distribute a controlled substance.

<u>Distribution</u>

The word "distribution" means the actual, constructive, or attempted transfer of the drug.  To "distribute" simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another.  Distribution does not require a sale, but it does include sales.

<u>Possession with Intent to Distribute</u>

In defining "possession with intent to distribute," I will first discuss the concept of "possession" and then discuss the concept of "intent to distribute."

The legal concept of possession may differ from the everyday term, so let me explain it in in some detail.  Actual possession is what most of us think of as possession — that is, having physical custody or control of an object, as I possess this pen.  However, a person need not have actual, physical possession — that is, physical control over an object — in order to be in *legal* possession of it.  If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that object.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and the person who has actual physical custody.  The person having control "possesses" the object because he or she has an effective working relationship with the person who has actual physical custody of the object and because he or she can direct the movement or transfer or disposition of the object.  In this manner, for example, a person may legally possess things that are in his or her house or car.

16

1    More than one person can have control over the same object.  The law recognizes that possession

2    may be sole or joint.  Finally, possession and ownership are not the same.  A person can possess an

3    object and not be the owner of the object.

4    Possession "with intent to distribute" simply means the possession of a controlled substance with

5    the intent or purpose to "distribute" it to another person or persons, as I have already defined that term.

6    Because no one can read a person's mind, the determination as to a person's intent may be

7    inferred from his behavior.  You may ask yourself whether any drugs in a person's possession, that is,

8    subject to his control, were for his personal use or for the purpose of distribution to another.  Often, you

9    can make a determination whether someone had an intent to distribute from the quantity of drugs that

10   were possessed, although possession of a large quality of drugs by itself does not necessarily mean that

11   an individual intended to distribute them.

12   Controlled Substance

13   Finally, I instruct you that cocaine and fentanyl are each a "controlled substance" as a matter of

14   law.

15

16   Counts One and Two — Second Element: Unlawfully, Intentionally, and Knowingly

17   The second element that the Government must prove beyond a reasonable doubt with respect to

18   Count One and Count Two is that the defendant acted "unlawfully, intentionally, and knowingly."

19   "Unlawful" simply means contrary to law.  A defendant need not have known that he was

20   breaking any particular law, but he must have been aware generally of the unlawful nature of his acts.

21   "Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere

22   inadvertence.

23   "Intentionally" means to act deliberately and with a wrongful purpose, rather than innocently.

17

1         While the defendant need not know the exact nature of the controlled substance, the Government

2   must show that the defendant believed that the substance he distributed or possessed with intent to

3   distribute was some controlled substance.

4

5         <u>Counts One and Two — Third Element: Controlled Substance</u>

6         Finally, for Count One and Count Two, the Government must prove beyond a reasonable doubt

7   that the substance involved was in fact a controlled substance.  As noted, cocaine and fentanyl are each a

8   "controlled substance" as a matter of law.

9

10  <u>Special Interrogatory on Drug Quantity for Counts One and Two</u>

11        If, and only if, you conclude that the Government has proved beyond a reasonable doubt that the

12  defendant is guilty of either Count One or Count Two, you must then determine the quantity of

13  controlled substances involved in that count.

14        You need not determine the precise quantity.  Instead, with respect to Count One, indicate on the

15  verdict form whether the Government has established beyond a reasonable doubt that the crime involved

16  five kilograms or more of a mixture or substance containing a detectable amount of cocaine, 500 grams

17  or more of a mixture or substance containing a detectable amount of cocaine, or less than 500 grams of a

18  mixture or substance containing a detectable amount of cocaine.

19        With respect to Count Two, indicate on the verdict form whether the Government has established

20  beyond a reasonable doubt that the crime involved 400 grams or more of a mixture or substance

21  containing a detectable amount of fentanyl, 40 grams or more of a mixture or substance containing a

22  detectable amount of fentanyl, or less than 40 grams of a mixture or substance containing a detectable

23  amount of fentanyl.

18

1    Your findings on quantity, if any, as to the defendant must be beyond a reasonable doubt.  Your

2    findings must also be unanimous if you reach this question during your deliberations, in the sense that

3    all of you must agree that the crime involved at least the quantity you indicate.

4    Thus, using Count One as an example, if you all agree that the crime involved five kilograms or

5    more of a mixture or substance containing a detectable amount of cocaine, you should indicate five

6    kilograms or more of a mixture or substance containing a detectable amount of cocaine.  If, by contrast,

7    all of you agree that crime involved less than five kilograms but more than 500 grams of a mixture or

8    substance containing a detectable amount of cocaine, you should indicate 500 grams or more of a

9    mixture or substance containing a detectable amount of cocaine.  If, by contrast, all of you agree that the

10   crime involved less than 500 grams of a mixture or substance containing a detectable amount of cocaine

11   (or you agree that it involved a mixture or substance containing a detectable amount of cocaine and that

12   the Government did not prove the quantity beyond a reasonable doubt), you should indicate less than

13   500 grams of a mixture or substance containing a detectable amount of cocaine.

14   However, if some jurors conclude that the crime you are considering involved 500 grams or

15   more of a mixture or substance containing a detectable amount of cocaine, and the rest of the jurors

16   conclude that it involved less than 500 grams of cocaine, you may not indicate that the crime involved

17   500 grams or more of cocaine.  Under those circumstances, you should indicate less than 500 grams of

18   mixtures or substances containing a detectable amount of cocaine, because all of you would be in

19   agreement that the crime involved at least some amount less than 500 grams of cocaine.

20

21   Count Three: Elements

22   In order to find the defendant guilty of Count Three, the Government must prove the following

23   three elements beyond a reasonable doubt:

19

1      *First*, that from on or about April 1, 2021, until April 7, 2021, the defendant permanently or

2      temporarily used or maintained the place described in the Indictment — namely, 1365 Saint Nicholas

3      Avenue, Apartment 31 in Manhattan;

4      *Second*, that the defendant used or maintained that place for the purpose of distributing or

5      packaging a controlled substance, namely cocaine; and

6      *Third*, that the defendant acted knowingly.

7

8      Count Three — First Element: Using or Maintaining a Place

9      The first element that the Government must prove beyond a reasonable doubt for you to find the

10     defendant guilty of Count Three is that, from on or about April 1, 2021, until April 7, 2021, he

11     permanently or temporarily used or maintained the place described in the Indictment — namely, 1365

12     Saint Nicholas Avenue, Apartment 31 in Manhattan.

13     You should give the term "used" its ordinary, everyday meaning.

14     To "maintain" a place means to exercise significant supervisory control over the activities that

15     occur and the people who are in that place over a period of time.  For example, a person who owns and

16     resides in a house or apartment exercises such control, while a casual visitor does not.  In determining

17     whether the defendant maintained the specified place, you should consider all of the relevant evidence,

18     taking into account such factors as how much control defendant exercised over the place, the duration of

19     that control, and whether the defendant was responsible for furnishing, repairing, protecting and

20     providing food and other supplies to those at the place.

21

20

1      <u>Count Three — Second Element: Purpose</u>

2      The second element that the Government must prove beyond a reasonable doubt is that the

3      defendant used or maintained the specified apartment for the purpose of manufacturing, distributing, or

4      using a controlled substance, namely cocaine.  (Note that Count Three, like Count One, is specific to

5      cocaine — it does not relate to fentanyl.)

6      To establish this element, the Government must prove that the drug activity was a significant or

7      important reason why the defendant used or maintained the place.  The Government is not required to

8      prove that the drug activity was the defendant's only purpose in using or maintaining the place, although

9      that would obviously satisfy this element.

10

11      <u>Count Three — Third Element: Knowingly</u>

12      The third element that the Government must prove beyond a reasonable doubt is that the

13      defendant acted knowingly.  I have already instructed you about the meaning of "knowingly" in

14      connection with Counts One and Two.  You should apply those instructions when considering Count

15      Three.

16

17      <u>Aiding and Abetting</u>

18      The defendant also is charged with aiding and abetting the commission of the substantive crimes

19      charged in Counts One through Three.  The defendant therefore can be convicted of those crimes *either*

20      if he committed the crime himself *or* if another person committed the crime and the defendant aided and

21      abetted that person to commit the crime.

22      In other words, it is not necessary for the Government to show that the defendant himself

23      physically committed the crime charged in Counts One through Three or supervised or participated in

1   the actual criminal conduct in order for you to find him guilty.  This is because a person who aids, abets,

2   counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if

3   he committed it himself.

4       Accordingly, you may find the defendant guilty of the offenses charged in Counts One through

5   Three if you find beyond a reasonable doubt that the Government has proved that another person

6   actually committed the offense with which the defendant is charged, and that the defendant aided,

7   abetted, counseled, commanded, induced, or procured that person to commit the crime.

8       To aid or abet another to commit a crime, it is necessary that the Government prove beyond a

9   reasonable doubt that a defendant willfully and knowingly associated himself in some way with the

10  crime committed by the other person and willfully and knowingly sought by some act to help the crime

11  succeed.  In other words, an aider and abettor must know that the crime is being committed and act in a

12  way that is intended to bring about the success of the criminal venture.

13      Let me caution you that the mere presence of the defendant where a crime is being committed,

14  even when coupled with knowledge by the defendant that a crime is being committed, or merely

15  associating with others who were committing a crime, is not sufficient to make the defendant guilty

16  under this approach of aiding and abetting.  Such a defendant would be guilty under this approach of

17  aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions

18  intended to help it succeed.

19      To determine whether the defendant aided or abetted the commission of the crime with which he

20  is charged, ask yourself these questions:

21      1.   Did he participate in the crime charged as something he wished to bring about?

22      2.   Did he knowingly associate himself with the criminal venture?

23      3.   Did he seek by his actions to make the criminal venture succeed?

22

1    If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the

2    other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor,

3    and you must find him not guilty under that theory.

4

5    Venue

6    In addition to all of the elements I have described for you, in order to convict the defendant of each

7    count in the Indictment, you must also decide whether any act in furtherance of the count occurred within

8    the Southern District of New York.  The Southern District of New York includes all of Manhattan.  The

9    Government does not have to prove that the complete crime was committed within the Southern District

10   of New York or that the defendant was ever in the Southern District of New York.  It is sufficient to satisfy

11   this element if any act in furtherance of the crime occurred within this district.

12   I should note that on this issue — and this issue alone — the Government need not prove venue

13   beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

14   has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

15   in furtherance of the crime charged in that count occurred in the Southern District of New York and that

16   it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

17   New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

18   the evidence with regard to any count, then you must acquit the defendant of that count.

19

20   Variance in Dates

21   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

22   different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

23   and the dates established by the evidence.

23

1

2

### III. CONCLUDING INSTRUCTIONS

COVID-19 Protocols

In a few minutes, you are going to go into the jury room and begin your deliberations.  During your deliberations, please continue to adhere to the safety protocols that we have used throughout the trial, including masking.  We have taken those precautions, on the advice of our medical experts, to ensure that everyone remains safe and healthy during trials.  In addition, people have different levels of anxiety and risk tolerance when it comes to COVID-19.  By adhering to the protocols, you not only ensure that everyone remains safe and healthy, but also respect the fact that your fellow jurors may or may not have the same level of comfort with the current situation that you have.

Selection of the Foreperson

After you retire to begin your deliberations, your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should include the date and time they were sent.  They should also be as clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

1    <u>Right to See Exhibits and Hear Testimony</u>

2         All of the exhibits (other than the contraband) will be given to you near the start of deliberations.

3    The documentary evidence will be provided to you in electronic form.  In addition, you will also be

4    provided with a list of all the exhibits that were received into evidence.  When you retire to deliberate,

5    my staff with provide you with information on how to access and display these lists and the evidence in

6    the jury room.

7         If you prefer to view any evidence here in the courtroom or if you want any of the testimony

8    submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for

9    testimony, however, the court reporter must search through her notes, the parties must agree on what

10   portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

11   can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

12   portions of the testimony, if you do.

13        Again, your requests for testimony — in fact, any communication with the Court — should be

14   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

15   Security Officers.

16

17   <u>Juror Note-Taking</u>

18        If any one of you took notes during the course of the trial, you should not show your notes to, or

19   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

20   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

21   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

22   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

1  the testimony, you may — as I just told you — request that the official trial transcript that has been

2  made of these proceedings be submitted or read back to you.

3

4  <u>Bias or Sympathy as Juror</u>

5       All of us, no matter how hard we try, tend to look at others and weigh what they have to say

6  through the lens of our own experience and background.  We each have a tendency to stereotype others

7  and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

8  that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

9  all litigants and witnesses are entitled to a level playing field.

10      Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy.  You are to be

11  guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that

12  you must ask yourselves for each count is:  Has the Government proved each element beyond a

13  reasonable doubt?

14      It is for you and you alone to decide whether the Government has proved that the defendant is

15  guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have

16  instructed you.

17      It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

18  there is a risk that you will not arrive at a true and just verdict.

19      If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

20  you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

21  that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

22  with respect to a particular count, then you should not hesitate because of sympathy or any other reason

23  to render a verdict of guilty on that count.

26

1       I also caution you that, under your oath as jurors, you cannot allow to enter into your

2    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

3    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

4    and the issue of punishment may not affect your deliberations as to whether the Government has proved

5    the defendant's guilt beyond a reasonable doubt.

6

7    <u>Duty to Deliberate</u>

8       The most important part of this case, members of the jury, is the part that you as jurors are now

9    about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

10   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

11   would well and truly try the issues joined in this case and a true verdict render.

12      As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

13   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

14   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

15   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

16   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

17   honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are

18   outnumbered.

19      Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

20   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

21   any time during your deliberations.

22

1    Return of the Verdict

2        We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

3    attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

4    will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

5    foreperson has been selected.

6        You should draw no inference from the questions on the Verdict Form as to what your verdict

7    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

8    should be answered.

9        After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

10   and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

11   Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

12   verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

13   Verdict Form and hand it to me in open court when I ask for it.

14       I will stress again that each of you must be in agreement with the verdict that is announced in

15   court.  Once your verdict is announced by your foreperson in open court and officially recorded, it

16   cannot ordinarily be revoked.

17

18   Closing Comments

19       Finally, I say this, not because I think it is necessary, but because it is the custom in this

20   courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

21       All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

22   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

23   to see that justice is done.

28

1       Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

2   guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

3   the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on

4   the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your clear

5   thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and impartial

6   decision so that you will arrive at the just verdict.

7       Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

8   spend a few moments with the parties and the court reporter at the side bar.  I will ask you to remain

9   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

10   the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                               :

UNITED STATES OF AMERICA,         :

                             :        21 Cr. 300 (JMF)

    -v-                            :

                             :

CESAR ABREU,                :        <u>VERDICT FORM</u>

                             :

                  Defendant.       :

                             :
------------------------------------------------------------------X

### *All Answers Must Be Unanimous*

**<u>Count One</u> – Distribution or Possession with Intent to Distribute Cocaine**

        Guilty  _____     Not Guilty  _____

***If, but only if, you find the defendant guilty of Count One, please answer the following question about the quantity of cocaine involved in the crime.  Otherwise, please skip to Count Two.***

    Count One involved the following quantity of a mixture or substance containing a detectable amount of cocaine (select one):

        5 kilograms or more:               _____

        500 or more grams but less than 5 kilograms:  _____

        Less than 500 grams:              _____

**<u>Count Two</u> – Distribution or Possession with Intent to Distribute Fentanyl**

        Guilty  _____     Not Guilty  _____

***If, but only if, you find the defendant guilty of Count Two, please answer the following question about the quantity of fentanyl involved in the crime.  Otherwise, please skip to Count Three.***

    Count Two involved the following quantity of a mixture or substance containing a detectable amount of fentanyl (select one):

        400 or more grams:             _____

        40 or more grams but less than 400 grams:  _____

        Less than 40 grams:             _____

**<u>Count Three</u> – Use or Maintenance of Drug-Involved Premises**

        Guilty _____           Not Guilty _____

*After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.*

_____          _____

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date and Time:   _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.*

2